Richard HOLT et al., Appellants,

v.

CITY OF SAN ANTONIO, Appellee.

No. 15713.

Court of Civil Appeals of Texas,
San Antonio.

Feb. 16, 1977.

Rehearing Denied March 16, 1977.

O. Brock Huffman, Charles E. Campion, San Antonio, for appellants.

James Parker, City Atty., Crawford B. Reeder, Steven Arronge, Asst. City Attys., San Antonio, for appellee.

BARROW, Chief Justice.

Nine owners of massage parlors and one masseuse, who are appellants herein, brought this suit against The City of San Antonio seeking a permanent injunction to restrain the City from enforcing an ordinance regulating the massage business.[1] Appellants alleged that many sections of the ordinance were unconstitutional. The trial court entered a judgment after a non-jury trial which granted appellants injunctive relief in part and permanently enjoined City from enforcing nine enumerated sections of the ordinance, but denied all other relief.

Both parties complain of this judgment. Appellants assert that eleven other sections of the ordinance are unconstitutional and ask that City be enjoined from enforcing these sections. City asserts a cross-point wherein it urges that the trial court erred in granting an injunction because there was no showing that the ordinance was both unconstitutional and would cause irreparable damage to a vested property interest. City also asserts by a cross-point that the trial court erred in holding unconstitutional the educational requirements of an applicant for a masseur's permit.

1. The ordinance regulates the massage business by requiring permits to be obtained from the Chief of Police before a business can operate and also requires all masseurs to obtain a permit. These permits are issued only after detailed background information is furnished by applicants. The ordinance establishes certain building and sanitation regulations and sets hours of operation. It also requires that minimum educational standards be met before a masseur's permit will be issued.

**716**

It is now settled law that equity will not enjoin enforcement of a criminal law unless the latter is unconstitutional, or otherwise void, and enforcement thereunder would result in irreparable injury to vested property rights. *City of Richardson v. Kaplan*, 438 S.W.2d 366 (Tex.1969); *City of Fort Worth v. Craik*, 411 S.W.2d 541 (Tex. 1967); *Mooney v. City of San Antonio*, 386 S.W.2d 638 (Tex.Civ.App.—San Antonio 1965, writ ref'd). The rule was stated in the oft-cited case of *State v. Logue*, 376 S.W.2d 567 (Tex.1964), as follows:

> The general rule is that equity will not enjoin enforcement of the criminal law. *Ex parte Sterling*, 122 Tex. 108, 53 S.W.2d 294 (1932); *City of Austin v. Austin City Cemetery Ass'n*, 87 Tex. 330, 28 S.W. 528 (1894). However, there is an exception to the effect that when the criminal statute is unconstitutional, or otherwise void, and enforcement thereunder involves an invasion of property rights which will result in an irreparable injury thereto, equity will intervene to protect those property rights by enjoining enforcement of such void law. *Ex parte Sterling*, supra; *Crouch v. Craik*, Tex., 369 S.W.2d 311 (1963). If either one of the requirements of equitable relief in this type of situation—void law and irreparable injury to property rights—is lacking, the courts of equity have no jurisdiction to entertain such suit. Because of the dual system of courts in this State—civil and criminal—this court will not pass on constitutionality of a criminal statute unless the requirement of irreparable injury of property rights is involved.

It is settled law that under the explicit language of Rule 683, Tex.R.Civ.P., it is mandatory that the reasons for issuing an injunction be stated in the order. *State v. Cook United, Inc.*, 464 S.W.2d 105 (Tex.

1971); *Southwestern Bell Telephone Co. v. Gravitt*, 522 S.W.2d 531 (Tex.Civ.App.—San Antonio 1975, no writ). The injunction granted here is fatally defective in that it does not contain a finding that the enforcement of the ordinance would result in irreparable injury to vested property rights of any of the appellants. This defect requires that the injunction be dissolved. It is therefore unnecessary to consider whether there is any evidence in the record of irreparable injury to appellants' vested property rights.

We still must consider whether our judgment should be one of remand or rendition. The ordinance in question strictly regulates the massage business in San Antonio. Appellants urge that the basic purpose of the ordinance is not to establish rules for health and sanitation in massage parlors but to indirectly prevent prostitution. Irrespective of the purpose of the ordinance or its effect, similar ordinances enacted by other cities have withstood attacks as to their constitutionality.

A very similar ordinance passed by the City of Savannah, Georgia, has recently been upheld by the Fifth Circuit Court of Appeals. *Tomlinson v. Mayor and Aldermen, etc.*, 543 F.2d 570 (1976). It was there held that the action of the Supreme Court of the United States in dismissing appeals from state court decisions upholding constitutionality of massage parlor ordinances for want of a substantial federal question foreclosed a reconsideration of identical constitutional challenges.[2] *See also Hogge v. Johnson*, 526 F.2d 833 (4th Cir. 1975).

These decisions foreclose a favorable consideration of appellants' constitutional challenge of the ordinance in question and nothing would be gained by a remand of the cause. We therefore conclude that our judgment should be one of rendition.

---

**2.** *Smith v. Keator*, 419 U.S. 1043, 95 S.Ct. 613, 42 L.Ed.2d 636 (1974), *dismissing for want of a substantial federal question*, 285 N.C. 530, 206 S.E.2d 203; *Rubenstein v. Cherry Hill*, 417 U.S. 963, 94 S.Ct. 3165, 41 L.Ed.2d 1136 (1974), *dismissing for want of a substantial federal*

question, No. 10,027 (N.J.Sup.Ct. Jan. 29, 1974); and *Kisley v. City of Falls Church*, 409 U.S. 907, 93 S.Ct. 237, 34 L.Ed.2d 169 (1972), *dismissing for want of a substantial federal question*, 212 Va. 693, 187 S.E.2d 168 (1972).

717

The order granting the injunction is reversed and it is hereby rendered that appellants take nothing by their suit.