HUGHES BLANTON, INC., Appellant,

v.

Roy G. SHANNON, Appellee.

No. 19909.

Court of Civil Appeals of Texas, Dallas.

May 4, 1979.

Frederick Bartlett Wulff, Akin, Gump, Hauer & Field, Dallas, for appellant.

Jerry D. Brownlow, Grand Prairie, for appellee.

Before GUITTARD, C. J., and STOREY and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

Roy Shannon brought this suit against Hughes Blanton, Inc., his former employer, for conversion of tools used in plaintiff's work as a mechanic. After a trial without a jury, the court awarded plaintiff a judgment for $3,000 with a provision for remittitur of $1,000 in the event defendant returned to plaintiff any of the tools that were in defendant's possession. Defendant appeals, asserting, among other points of error, that there is no probative evidence to support the finding of damages. We sustain this point, and, accordingly, we reverse the judgment and remand the cause for a new trial.

Since plaintiff, as appellee here, has filed no brief, we accept the statements in appellant's brief as correct without further ex-amination of the record. Rule 419, Tex.R. Civ.P. According to appellant-defendant's summary of the evidence, plaintiff was employed as a mechanic to work on vehicles operated by defendant. Plaintiff owned various tools that were kept at defendant's place of business. Plaintiff was injured in an automobile accident on March 22, 1976. After the accident he returned to work briefly, but then left to seek medical attention. Two or three weeks later he returned to defendant's premises and was requested to take his tools. He replied that some of them were missing and that he was not going to take any of them unless he could take them all. Four to eight weeks after that conversation, plaintiff returned to the premises and was offered an opportunity to make an inventory of the tools, but was told that he could not take any of them until there had been a resolution of the controversy over whether any of the tools were missing.

In a suit for conversion plaintiff has the burden to establish the identity of the property converted. *Satterfield v. Knippel,* 169 S.W.2d 795, 796 (Tex.Civ.App. —Amarillo 1943, no writ); *Moore v. Conway,* 108 S.W.2d 954 (Tex.Civ.App.—Waco 1937, no writ). There is no evidence in this record establishing the identity of the tools that were in defendant's possession at the time plaintiff was told he could not take them, and neither is there any evidence identifying the tools plaintiff asserted to be missing. Consequently, the evidence fails to identity the property alleged to have been converted.

Neither is there competent evidence establishing the value of the tools converted. Plaintiff was allowed to testify to his opinion concerning the value of the tools on March 22, 1976, but there is no evidence that all the tools, or any particular tools, were converted on that date. The trial judge found that on March 24, 1976, plaintiff noticed that many of his tools were missing and that plaintiff refused to deliver the remainder of the tools without a full release of any liability for the value of the missing tools. There is no evidence, how-

ever, of any conversation between the parties or any action by defendant on March 24.

Plaintiff was permitted to give his opinion concerning the market value of the tools on March 22, 1976, over defendant's objection that he had not been qualified as an expert on the fair market value of the tools. He testified that their value was $4,300. He made no effort, however, to establish the value of any specific tool or group of tools. On cross-examination he admitted that this figure was a replacement value which he had determined on the basis of a 1975 price list of a different line of tools. Plaintiff testified that in determining the value of his tools he had followed the advice of a "friend" to take forty percent off the prices in this list.

We recognize that ordinarily an owner is deemed qualified to express an opinion on the value of his property. However, when his testimony shows that he did not rely on his own opinion and experience, but on the statement of a third party who was not familiar with the tools and was not available for cross-examination, the opinion of the owner has little, if any, weight. Moreover, the tools were never described, nor was any list supplied of the tools alleged to have been converted. All that the record shows is that plaintiff testified that an unspecified number and variety of tools, which he had left on defendant's premises, had an overall value of $4,300, based on a price list of a different line of tools and a friend's suggestion of the proportionate replacement value of the tools in question, with respect to that price list. We hold that this evidence fails to establish the value of the particular tools alleged to have been converted with sufficient certainty to support his recovery of damages.

We cannot, however, render judgment for defendant because we are not convinced that better evidence is not available. On another trial, plaintiff should be able to testify with greater certainty concerning the identity of the tools and their condition and to obtain better evidence of

their value. Consequently, the case is remanded for another trial.

Reversed and remanded.