**Lou A. SMITH, Appellant,**

v.

**Keith Jennings HAMBY, Appellee.**

**No. 18342.**

Court of Civil Appeals of Texas, Fort Worth.

Dec. 4, 1980.

Rehearings Denied Jan. 15, 1981.

Ray G. Besing & Associates, and F. Dean Armstrong, Dallas, for appellant.

Loveless, Hartley & Eakman, and David L. Evans, Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

This is an interlocutory appeal challenging the propriety of a temporary mandatory injunction. Upon the application of Keith Jennings Hamby, the trial court ordered Lou A. Smith, to vacate possession of the premises in dispute pending outcome of trial as to title. Smith has appealed.

We reverse and dissolve the temporary injunction.

We quote from the pertinent portion of the Order for Temporary Injunction:

"On February 7th, 1980, the Court having considered the application of KEITH J. HAMBY, Plaintiff, for a temporary injunction upon his verified petition after due notice to Defendant, as ordered by the Court, the Plaintiff and Defendant both having appeared in person and by their attorneys of record, and the Court having heard the evidence and the arguments of counsel, the Court finds that Plaintiff is entitled to the temporary injunction, as herein granted, the same being within Plaintiff's allegations and prayer. Plaintiff *having testified* that he is the lawful owner of the residence located at 3712 Lake Ridge, Grapevine, Tarrant County, Texas, that the Defendant LOU SMITH currently is unlawfully in possession of the premises and that he is without adequate remedy at law and thereby is entitled to possession. The Court orders the Defendant to vacate and be absent from the premises on or before February 14, 1980. Further, the Court orders Plaintiff to post bond in the amount of $250.00...." (Emphasis ours.)

Tex.R.Civ.P. 683 provides:

"Rule 683. Form and Scope of Injunction or Restraining Order

"Every *order* granting an injunction and every restraining order shall *set forth the reasons for its issuance*; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

"Source: Federal Rule 65(d), unchanged." (Emphasis ours.)

We hold that the trial court's order does not satisfy the requirement that the order set forth reasons for its issuance.

The trial court does give reasons for his decision but the reasons he gives are not *legally* sufficient. The recitation of the order relates to the plaintiff's reasons why he believed injunctive relief proper, not why the court found such proper. The Supreme Court in *State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex. 1971) stated that "[I]t is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered."

Nowhere in this order does the court state "why it decided that the applicant would suffer harm, or be endangered by probable injury if not granted the preliminary injunction." *State v. Cook United, Inc., supra* at 107. A summary of the plaintiff's testimony will not suffice; nor will a mere reference to having heard the evidence and the arguments of counsel.

■ The recitation that plaintiff testified that he is without an adequate remedy at law, is not alone sufficient. The specific reasons are to be stated in lieu of mere conclusory statements. *Charter Medical Corporation v. Miller,* 547 S.W.2d 77 (Tex. Civ.App.—Dallas 1977, no writ).

■ The standard of review to be applied where a temporary injunction has been granted is whether there was an abuse of discretion. The requirement that the reasons for granting a temporary injunction be set out specifically is mandatory and noncompliance amounts to an abuse of discretion. *Charter Medical Corporation v. Miller, supra; Board of Equalization of City of Plano v. Wells,* 473 S.W.2d 88 (Tex.Civ.App.—Dallas 1971, no writ).

This cause is reversed and the temporary injunction is dissolved.