**UNIVERSITY INTERSCHOLASTIC LEAGUE et al., Appellants,**

v.

**Rafael TORRES, Individually and as Next Friend of Rodolfo Torres et al., Appellees.**

No. 16725.

Court of Civil Appeals of Texas, San Antonio.

April 22, 1981.

Mark White, Atty. Gen., Lucius D. Bunton, Austin, for appellants.

Raul Vasquez, Honore Ligarde, Laredo, for appellees.

ESQUIVEL, Justice.

██ This is an appeal from an order granting a temporary injunction issued by the 111th District Court of Webb County, Texas. The appellees successfully enjoined the University Interscholastic League (hereafter U.I.L.) from enforcing certain eligibility rules. The appellants perfected their appeal from the order granting the temporary injunction.

Appellees have filed no brief in this court. Consequently, we accept as true the statements made in appellants' brief as to the facts. Tex.R.Civ.P. 419; *Hughes Blanton, Inc. v. Shannon,* 581 S.W.2d 538, 539 (Tex. Civ.App.—Dallas 1979, no writ); *Gonzales v. Gonzales,* 224 S.W.2d 520 (Tex.Civ.App.— San Antonio 1949, writ ref'd); *Crittenden v. Heckman,* 185 S.W.2d 495 (Tex.Civ.App.— San Antonio 1945, no writ).

██ The ultimate issue to be determined by the reviewing court where a temporary injunction is granted, is whether there was an abuse of discretion. *State v. Southwestern Bell Telephone Company,* 526 S.W.2d 526, 528 (Tex.1975); *City of Spring Valley v. Southwestern Bell Telephone Company,*

484 S.W.2d 579, 581 (Tex.1972); *State v. Cook United, Inc.,* 464 S.W.2d 105, 106 (Tex. 1971). Thus, the sole question before this court is, under the facts stated in appellants' brief, whether the trial court abused its discretion in entering the temporary injunction order.[1]

We reverse the order of the trial court and dissolve the temporary injunction.

Rodolfo Torres, the nineteen-year-old appellee, is a senior at Martin High School in Laredo. As of the date of this appeal, Torres is enrolled for his sixth year of school since registering for the eighth grade in 1975.[2] Under U.I.L. provisions, Torres was declared ineligible to play basketball during the 1980–81 school year. Torres and his parents subsequently brought suit against the appellants, challenging the constitutionality of the provision which prevented him from participating in high school athletics. The provision, Article VIII, Section 18, of the Constitution and Contest Rules of the U.I.L., stipulates: "Five-Year Rule—No one shall take part in any contest in the League after the end of the fifth consecutive year following his first enrollment in the eighth grade."

The trial court granted a temporary injunction because (1) the appellee parents did not have an adequate remedy at law and (2) the appellee student would suffer irreparable harm if the appellants were not enjoined from enforcing the U.I.L. rules.

The order for temporary injunction states:

On this the 1st day of December, 1980 came on to be heard the application of the Plaintiffs herein, Rafael Torres and Maria Torres, individually and as parents of the Plaintiff Rodolfo Torres, on verified pleadings requesting injunctive relief, and all parties having appeared individually or by and through their counsel of record, and after the evidence was presented and counsel's argument heard,

---

1. In two points of error, appellants argue that the trial court abused its discretion by holding that the appellees showed (1) a probable right and (2) a probable injury.

2. Torres did not attend school in the 1976–77 term and did not complete the 1977–78 term as the result of personal and family illness.

the Court finds that it has jurisdiction of this cause pursuant to Article V, Section 8 of the Texas Constitution and Article 4642 of the Vernon's Annotated Texas Civil Statutes, that the Plaintiff, Rodolfo Torres, is a senior student at R. T. Martin High School and was a member of the high school basketball team prior to the acts of the 29–AAAAA District Executive Committee of the University Inter-scholastic League, said acts having taken place on August 5, 1980; and

The Court further finds that the Plaintiffs have no adequate remedy at law and that the Plaintiff, Rodolfo Torres, would suffer irreparable harm if the Defendants [list is omitted] are not restrained and enjoined pending the final disposition of the above styled and numbered cause, and that said Defendants, therefore, should be restrained and enjoined herein provided the Plaintiffs post a bond with the Clerk of the Court in the sum of $100.00; and

IT IS, THEREFORE, ORDERED, ADJUDGED and DECREED that the Defendants [list is omitted] should be, and they are, each and every individually and/or collectively, in their official capacities, restrained and enjoined, during the pendency of this cause and until final disposition hereof, from:

(a) Enforcing the decision of the 29–AAAAA District Executive Committee rendered on August 15, 1980 prohibiting the Plaintiff, Rodolfo Torres, from participating in the Varsity Basketball Program at R. T. Martin High School, Laredo, Texas.

(b) Enforcing or following any regulation or policy denying the Plaintiff the right to participate in the Varsity Basketball Program at R. T. Martin High School, Laredo, Texas, based on the alleged violation of Article VIII Section 18 of the Constitution and Contest Rules of the UIL for 1980–81.

(c) Enforcing any rule which would deprive the Laredo Independent School District, any other Independent School District of District 29–AAAAA, or any of the member schools of those districts, and

of the 29–AAAAA District, of the right, or from participating in the regular or post-season athletic competition based on any permission granted by the Court to Plaintiff, Rodolfo Torres, to participate as a member of the R. T. Martin High School Varsity Basketball Team; and

(d) Not allowing or permitting the Plaintiff, Rodolfo Torres, to commence practicing with and playing on the R. T. Martin High School Basketball Varsity Team during the 1980–81 season, and any post-season athletic competition, pending a full and final hearing and disposition on the merits of the Plaintiff's Original Petition.

This Order of Injunction shall not become effective unless and until the Plaintiffs, Rafael Torres and wife, Maria Torres, execute and file with the Clerk a good and sufficient bond, approved by the Clerk, in the sum of $100.00.

ENTERED at Laredo, Webb County, Texas, this <u>16th</u> day of December, 1980.

<u>/s/ Antonio A. Zardenetta</u>

ANTONIO A. ZARDENETTA,

Judge

111th Judicial District Court

Webb County, Texas

Rule 683 of the Texas Rules of Civil Procedure provides as follows:

*Every* order granting an injunction and every restraining order *shall set forth the reasons for its issuance; shall be specific in terms;* shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. [emphasis added]

 The provisions in Rule 683 are mandatory. *State v. Cook United, supra,* at 106; *Transport Co. of Texas v. Robertson Transports, Inc.,* 152 Tex. 551, 556, 261 S.W.2d 549, 552 (1953); *Boren v. Bank of*

**358**

*the West,* 535 S.W.2d 776, 778 (Tex.Civ.App. —Amarillo 1976, no writ); *Round Mountain Community v. Fulkes,* 501 S.W.2d 474, 475 (Tex.Civ.App.—Austin 1973, no writ). The reasons given by the trial court for granting or denying a temporary injunction must be specific and legally sufficient, and must not be mere conclusionary statements. *Smith v. Hamby,* 609 S.W.2d 866, 868 (Tex. Civ.App.—Fort Worth 1980, no writ); *Charter Medical Corp. v. Miller,* 547 S.W.2d 77, 78 (Tex.Civ.App.—Dallas 1977, no writ). Failure of a temporary injunction order to meet the strict requirements of Rule 683 on its face renders the order fatally defective and void, whether specifically raised by point of error or not. *State v. Cook United, Inc., supra,* at 106; *Smith v. Hamby, supra,* at 868; *Charter Medical Corp. v. Miller, supra,* at 78; *Holt v. City of San Antonio,* 547 S.W.2d 715, 716 (Tex.Civ.App.—San Antonio 1977, writ ref'd n. r. e.). *See also Schulz v. Schulz,* 478 S.W.2d 239, 244–45 (Tex.Civ.App.—Dallas 1972, no writ). *Cf. Alexander Schroeder Lumber Co. v. Corona,* 288 S.W.2d 829, 835 (Tex.Civ.App.—Galveston 1956, writ ref'd n. r. e.), *and Rothermel v. Goodrich,* 292 S.W.2d 882, 884–85 (Tex. Civ.App.—Beaumont 1956, no writ).

■ Even though there were allegations in the appellee's petition for injunction which may have justified the issuance of the writ, the mere recital of "no adequate remedy at law" and "irreparable harm" in the order lacks the specificity required by Rule 683. We hold that the recital in this order does not comply with Rule 683 and, as a result, the order is void. As this court stated in *Holt v. City of San Antonio:*

> The injunction granted here is fatally defective in that it does not contain a finding that the enforcement of the ordinance would result in irreparable injury to vested property rights of any of the appellants. This defect requires that the injunction be dissolved. It is therefore unnecessary to consider whether there is any evidence in the record of irreparable injury to appellants' vested property rights.

547 S.W.2d at 716. In the present case, the trial court did not set forth the reasons for its issuance either.

The Dallas Court of Civil Appeals noted in *Schulz v. Schulz, supra:*

> A contention was made in *State v. Cook United, Inc.,* [citation omitted] that if a sound reason exists for the granting of a temporary injunction a court granting such would be excused from complying with the requirement of Rule 683. The Supreme Court, speaking through Justice Reavley, denied this contention and stated that under Rule 683 the reasons for the granting of a temporary injunction *must be stated in the order.* 'It is not required that the trial court explain its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered.' [emphasis added]

478 S.W.2d at 245.

■ Where a temporary injunction is issued and does not conform to Rule 683, the nonconformity constitutes an abuse of discretion and mandates reversal. *Smith v. Hamby, supra,* at 868; *Charter Medical Corp. v. Miller, supra,* at 78; *Board of Equalization of City of Plano v. Wells,* 473 S.W.2d 88, 91 (Tex.Civ.App.—Dallas 1971, no writ); *Rothermel v. Goodrich, supra,* at 884.

Consequently, this cause is reversed and the order granting the temporary injunction is vacated.