John A. SPINUZZI, et ux., Appellants,

v.

TOWN OF CORINTH and Don R. Anderson, et ux., Appellees.

No. 2–83–055–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 29, 1983.

Kelsey, Gregory, Holt & Phillips, and Ronald Phillips, Denton, for appellants.

Saner, Jack, Sallinger & Nichols and Peter G. Smith, Dallas, for appellee Town of Corinth.

George Hopkins, Denton, for appellees Don Anderson, et ux.

Before JORDAN, BURDOCK and HILL, JJ.

## OPINION

JORDAN, Justice.

This is an appeal from a summary judgment granted by the trial court in a case involving the questions of whether a certain roadway in Denton County had been dedicated as a public road, and, if so, whether such public road had been abandoned.

We reverse and remand.

The Spinuzzis and the Andersons are owners of adjoining tracts of land in Denton County, Texas. The tracts are shown on the plat marked Exhibit A and attached hereto, which plat was originally attached to an affidavit filed on behalf of appellants. The road which is the subject of this dispute lies between these adjoining properties and has been referred to in the record as Carpenter Road.

Appellees, Town of Corinth and the Andersons, contend that the roadway had long ago been dedicated to the public and used as a public road and that it has never been abandoned as such. Appellants, who purchased their property in 1972, erected a gate across the roadway in question in 1981 and also posted a "Private Drive" sign, claiming that it was a private road to which the public was not entitled to access.

The Andersons and the Town of Corinth filed separate suits seeking a mandatory injunction requiring appellants to remove the gate and the "Private Drive" sign. The two causes were consolidated and tried as one.

After a hearing, the trial court granted a joint motion for summary judgment filed by appellees, holding as a matter of law that there was no genuine issue as to any material fact, that appellees had established that the road in controversy had been dedicated and used as a public right-of-way, and that said public roadway had not been closed in accordance with the laws of Texas. The court also held that the gate erected across the roadway and the "Private Drive" sign were illegally maintained and that appellees were entitled to a mandatory injunction requiring their removal.

By three points of error the Spinuzzis say that summary judgment was improper because there are fact issues involved to-wit: the movants failed to establish as a matter of law that the roadway was ever dedicated to the public as a public road, the evidence failed to establish as a matter of law that the alleged public use, if any, was not abandoned, and the movants failed to establish as a matter of law the precise location of such roadway.

We sustain appellees' first two points of error and overrule the third.

As this is a summary judgment case, the question this court must answer is whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the appellees' cause of action. *Wesson v. Jefferson Sav. & Loan Ass'n*, 641 S.W.2d 903 (Tex.1982); *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970).

■ Appellants' first contention is that appellees failed to establish as a matter of law that the roadway in question was ever dedicated by an owner to the public as a road. The Spinuzzis argue, correctly, that before a dedication for public use may be shown, there are four distinct elements that must be present: (1) the person who makes the dedication must have the ability to do so; he must have fee simple title before he can dedicate his property; (2) there must be a public purpose served by the dedication; (3) the person must make either an express or implied offer, and (4) there must be an acceptance of that offer. *Moody v. White*, 593 S.W.2d 372 (Tex.Civ. App.—Corpus Christi 1979, no writ); *Aransas County v. Reif*, 532 S.W.2d 131 (Tex. Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.).

■ The Spinuzzis maintain, and we agree, that there is no evidence of any express dedication by any owner of the property in question as a public road, and that there was no evidence whatever of any acceptance of any such dedication by any owner to the public.

However, appellees do not contend that Carpenter Road was *formally* dedicated by any prior owner to the public as a public road, nor that such dedication was accepted by the public. They agree that the evidence does not support any theory of formal dedication and acceptance for public use. What appellees say is that the summary judgment proof in this case, contained in numerous affidavits, brings this case squarely within the well settled rule that when the origin of the use of a road by the public, and the ownership of the land at that time, are so shrouded in obscurity that

no proof can be adduced to show the intention of the owner when the public use began, the law raises a presumption of intention to dedicate the land to public use. *O'Connor v. Gragg*, 161 Tex. 273, 339 S.W.2d 878 (1960); *Compton v. Thacker*, 474 S.W.2d 570 (Tex.Civ.App.—Dallas 1971, writ ref'd n.r.e.); *Dunn v. Deussen*, 268 S.W.2d 266 (Tex.Civ.App.—Fort Worth 1954, writ ref'd n.r.e.)

In support of this contention, appellees point to their many affidavits, filed in support of their motion for summary judgment, all of which stated that the road in question had been used as a public road for at least fifty years, that no objection to nor question about such use was raised until the Spinuzzis erected their fence and sign in 1981, and that for many years Denton County had maintained and repaired the road.

Two of the affiants, J.W. Cochran and C.R. Brown, specifically stated that they had been familiar with Carpenter Road, the road in question for at least sixty-five (65) years and that the road had been maintained and repaired by Denton County. Ed Elbert, a former county commissioner, said in his affidavit that he had been familiar with Carpenter Road since 1922, and that while he did not know who actually dedicated the road, he did know that during all of the intervening years the road was used by the public and was maintained by Denton County.

This affidavit testimony was such as to make applicable the presumption of an intention to dedicate the road to public use since the origin of the use of the road by the public and the ownership of the land at that time were so shrouded in obscurity that no proof could be adduced to show the intention of the owner when the public use began.

The question then becomes whether or not there was any controverting evidence that indicated that Carpenter Road had not been used as a public road for all the years mentioned in appellees' affidavits, or had not been maintained and repaired by Den-

ton County. We find that there was such evidence, and that accordingly a fact question was raised as to whether or not the presumption of intent to dedicate the road was applicable.

John A. Spinuzzi swore in his affidavit that he purchased his property in 1972 and that since that time the public had not used Carpenter Road, that it was used simply as a means of access from Dobbs Road (shown on the attached plat) to his place and to the old Carpenter homestead. He further stated that the road had not been maintained by Denton County.

Other affidavits filed in response to appellees' motion for summary judgment also declared that for many years the road in dispute had not been used by the public and had not been maintained or repaired by Denton County. Coit Carpenter, who purchased what is shown on the plat as the Carpenter property, swore in his first affidavit that from 1939, when he purchased the property, until 1951, Denton County did not maintain the road and that he personally did all the maintenance or repair work thereon. He also averred that "[t]he part of Carpenter Road alongside of which there is a shaded area on Exhibit 'A' [attached hereto] was used only as access from the Carpenter homeplace during the time I owned the property (1939–1951). The only exception to that was that young people occasionally used it for parking and I had to run them off the property from time to time." Carpenter also related in his affidavit that the road evidently was at one time part of an old route from Denton to Dallas, but that that part of the road had not been "passable or possible to use as a road now, nor has it been for at least fifty (50) years."

A second affidavit was filed by Coit Carpenter which attempted to clarify and somewhat dilute the statements contained in his first affidavit. The second affidavit in some respects contradicted Carpenter's first affidavit, but this second affidavit did not remove from the record the pertinent statements of the first affidavit. At the least, the affidavits taken together, raise a fact question as to whether part of Carpenter road had been maintained by Denton County and whether or not part of Carpenter Road had been used by the public for many years.

We hold that the affidavit testimony offered by both parties undisputedly raised a fact question as to the applicability of the presumption of intention to dedicate the roadway to the public. Appellees failed to establish *as a matter of law* that the roadway in question was ever dedicated for the public's use.

Appellants' first point of error is sustained.

In their second point of error, appellants contend that summary judgment was improper because the evidence failed to establish as a matter of law that the alleged public use of the road, if any, was never abandoned. Appellees' response is two-pronged: 1) abandonment being in the nature of an affirmative defense, the burden was on the Spinuzzis to come forward with evidence to raise a fact issue as to abandonment; 2) the Spinuzzis failed to sustain this burden regarding the issue of abandonment.

■ We agree that appellants' point of error misplaces the burden of going forward with evidence on the issue of abandonment. As the Spinuzzis were the parties asserting abandonment of the roadway, the burden of producing evidence on this theory rested upon them. *See County of Calhoun v. Wilson*, 425 S.W.2d 846, 853 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n.r.e.); *Maples v. Henderson County*, 259 S.W.2d 264, 267 (Tex.Civ.App.—Dallas 1953, writ ref'd n.r.e.). However, despite this error in the statement of the point, we believe the Spinuzzis have carried their burden of producing evidence to raise a fact issue on the theory of abandonment and for this reason, the point of error is sustained.

■ In order for a public road to be considered abandoned, its use for the purpose for which it was dedicated must be either impossible or so improbable as to be

practically impossible. *Compton v. Thacker, supra.* The court in *Compton* held that abandonment is not established as a matter of law by the discontinuance of county maintenance but that such was evidentiary of abandonment of public use. The affidavits of Spinuzzi, Henderson, Van Borsen, and Carpenter relate that the property was not maintained by the Town of Corinth or Denton County from 1939 on. The affidavits also indicate that the road was not used as a public road but was used only as access from the Carpenter home place. The first affidavit of Coit Carpenter mentions that the road was part of an old route from Denton to Dallas but that such route had not been passable or possible to use as a road for at least fifty years.

These affidavits and the sworn statements therein raise a fact issue as to whether the roadway, if ever dedicated for public use, had been abandoned for such use and thus, summary judgment was improper.

■ The Spinuzzis, in point of error three, say that the summary judgment was improper and incomplete because it did not sufficiently describe the exact location and dimension of the roadway in dispute. We overrule this point. The property description contained in the court's order granting summary judgment is taken from the Spinuzzis' own pleadings. Moreover, appellants raised no complaint about the description of the property in the trial court and have thus waived any such challenge on appeal.

■ In oral argument, appellants raised for the first time an error, characterized as "jurisdictional" by them, regarding the sufficiency of the trial court's order of injunctive relief against appellants. Citing the cases of *University Interscholastic League v. Torres,* 616 S.W.2d 355 (Tex.Civ. App.—San Antonio 1981, no writ) and *Holt v. City of San Antonio,* 547 S.W.2d 715 (Tex.Civ.App.—San Antonio 1977, writ ref'd n.r.e.), appellants argued that the failure of the order to recite either the necessity of injunctive relief to protect vested property rights or to prevent irreparable

harm to the appellees was a fatal defect rendering the order void. We disagree.

In the *Holt* case, the court reversed a trial court order permanently enjoining the enforcement of a city ordinance, holding the order was fatally defective for failure to contain a finding that enforcement of the ordinance would result in irreparable injury to *vested property rights* of the parties seeking the relief. A reading of the entire case makes it clear that the requirement of such a finding and recitation is limited to cases where injunctive relief is sought from enforcement of *criminal laws.* We do not believe the case to be applicable to the situation before us.

The *Torres* case involved an order granting a *temporary* injunction and correctly held that under TEX.R.CIV.P. 683, "[i]t is not required that the trial court explain its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the *interlocutory* relief is not ordered." *Torres, supra* at 358. (Emphasis added). In the case before us, the trial court granted *permanent* injunctive relief against the appellants. We believe the requirements of the order for injunctive relief set out in *Torres* are inapplicable to an order granting *permanent* injunctive relief. *See Cook's Bryan, Inc. v. State,* 459 S.W.2d 682, 688 (Tex.Civ.App. —Houston [14th Dist.] 1970, writ ref'd n.r. e.); *Alexander Schroeder Lumber Co. v. Corona,* 288 S.W.2d 829, 835 (Tex.Civ.App. —Galveston 1956, writ ref'd n.r.e.). For the reasons above stated, we believe the error raised by appellants in oral argument to be without merit.

■ The Andersons have filed a motion requesting this court to hold the Spinuzzis in contempt for failure to comply with the trial court's order to remove the gate and sign from the roadway. In an Agreed Statement of Facts submitted in conjunction with the motion, the parties stipulated that although the gate had not been removed, the gate had been opened and has remained open since the date of this court's

535

order requiring a hearing on the motion. The "private drive" sign has been removed since the date of the trial court's order.

In light of these circumstances and the fact that we are reversing the case for a trial on the merits, we decline to hold the Spinuzzis in contempt.

The judgment is reversed and the cause remanded to the trial court for a trial in accordance with this opinion.

EXHIBIT "A"