**BYRD RANCH, INC., and Albert Prevot, Appellants,**

v.

**INTERWEST SAVINGS ASSOCIATION, Appellee.**

No. 2–85–226–CV.

Court of Appeals of Texas, Fort Worth.

Sept. 17, 1986.

Weitenger, Steelhammer & Tucker, Gregg K. Saxe, Houston, Law, Snakard & Gambill, Ed Huddleston, Fort Worth, for appellants.

Quillin, Owen & Thompson, A. Bruce Wilson, Fort Worth, Sifford & Pezzulli, Michael F. Pezzulli, Dallas, for appellee.

Before FENDER, C.J., and JOE SPURLOCK, II and HILL, JJ.

## OPINION

FENDER, Chief Justice.

This is an appeal from an order granting a temporary injunction. *See* TEX.R.CIV.P. 681; TEX.CIV.PRAC. & REM.CODE ANN. sec. 65.011 (Vernon 1986). Appellant, Byrd Ranch, Inc., was enjoined from the mining of sand and gravel and the order granting temporary injunction also authorized appellee, Interwest Savings Association, to vote shares of Byrd Ranch, Inc. stock.

We reverse the order and dissolve the temporary injunction.

Interwest Savings Association, hereinafter appellee, sued Byrd Ranch, Inc. and Albert Prevot, hereinafter appellants, on a promissory note for $3,900,000.00 and also sued to enjoin the mining of sand and gravel on property in which appellee claims a security interest. Albert Prevot is president of Byrd Ranch, Inc. The $3,900,000.00 note was secured by the mining property and by a security agreement entitling appellee to sell the shares of Byrd Ranch, Inc. upon default. Interwest also sued to vest in itself the voting rights of the Byrd Ranch, Inc. stock.

In their first point of error, appellants contend that the trial court abused its discretion in granting the temporary injunction in that the order granting the temporary injunction does not conform with TEX.R.CIV.P. 683 and is void. Byrd contends that the order does not comply with rule 683 because it does not set forth the reasons for the issuance of the order.

Rule 683 reads in relevant part as follows:

Every order granting an injunction and every restraining order shall set forth the reasons for its issuance; shall be specific in terms; shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained....

*See id.*

The order for temporary injunction states:

After considering the evidence presented to the Court, the testimony of all the witnesses, and the arguments of counsel, the Court finds and concludes that [appellee] will probably prevail on the trial of this cause; that [appellee] will suffer irreparable harm for which it has no adequate remedy at law. The Court further finds:

1. Defendants have heretofore permitted the mining of sand and gravel on the property and will continue to mine the sand and gravel on the property unless so enjoined;

2. Defendants have heretofore refused to recognize the right of [appellee] ... as pledgee, to place the shares of common stock of ... Byrd Ranch, Inc., in the name of InterWest Savings Association and to vote the shares in accordance with the terms and provisions of the Uniform Commercial Code ... and will continue to refuse to recognize the right of InterWest Savings Association as pledgee, to place the shares of common stock of ... Byrd Ranch, Inc., in the name of InterWest Savings Association and to vote the shares in accordance with the terms and provisions of the Uniform Commercial Code, unless they are so enjoined.

IT IS, THEREFORE, ORDERED that [Byrd Ranch, Inc.] and Albert Prevot, their agents, servants, and employees be, and they hereby are, commanded forthwith to desist and refrain from directly

or indirectly continuing any mining operations including excavation or transportation, of any sand and gravel found ... until judgment in this cause is entered by this Court.

IT IS FURTHER ORDERED that [appellee] ... be, and hereby is, immediately vested with any and all voting rights of the common shares of stock of ... Byrd Ranch, Inc.

The provisions in rule 683 are mandatory. *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex.1971); *University Interscholastic League v. Torres*, 616 S.W.2d 355, 357 (Tex.Civ.App.—San Antonio 1981, no writ). The reasons given by the trial court for granting or denying a temporary injunction must be specific and legally sufficient, and must not be mere conclusionary statements. *See University Interscholastic League*, 616 S.W.2d at 358. The purpose of the rule is to adequately inform a party of what he is enjoined from doing and the reason why he is so enjoined. *See Schulz v. Schulz*, 478 S.W.2d 239, 245 (Tex.Civ.App.—Dallas 1972, no writ). It is not required that the trial court explain its reasons for believing that the applicant has shown a probable right to final relief, but it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered. *State*, 464 S.W.2d at 106. Appellate review is limited to a determination of whether there has been a clear abuse of discretion in granting or denying the order. *See Transport Co. of Texas v. Robertson Transports*, 261 S.W.2d 549, 552 (Tex.1953).

■ In the order granting temporary injunction before us, the trial court clearly orders Byrd Ranch, Inc. to stop mining sand and gravel on the property. The order further vests all voting rights of the common shares of the stock of Byrd Ranch, Inc. in appellee. Therefore, the order has apprised Byrd Ranch, Inc. of the exact injunctive relief ordered. However, the order has failed to apprise Byrd Ranch, Inc. of *why injury will result* absent an injunction. *See State*, 464 S.W.2d at 106–07;

*University Interscholastic League*, 616 S.W.2d at 358.

The order states that Interwest "will suffer irreparable harm for which it has no adequate remedy at law." The mere recital of "irreparable harm" and "no adequate remedy at law" lacks the specificity required by rule 683. *See University Interscholastic League*, 616 S.W.2d at 358.

■ Concerning the mining of sand and gravel, the order further states "defendants have heretofore permitted the mining of sand and gravel on the property and will continue to mine the sand and gravel on the property unless so enjoined." This also fails to apprise appellants why injury will result absent an injunction. This statement just reaffirms exactly what appellants are enjoined from doing. We do not feel it is adequate under TEX.R.CIV.P. 683 to merely state that "defendants are enjoined from doing X because X will be done unless so enjoined." Instead, the order must state with particularity why injury will result absent an injunction. For instance, an order has been held sufficient to comply with rule 683 if it states that an act is being enjoined because the conduct "would alter the status quo and tend to make a final judgment in favor of appellees impossible or difficult to enforce;" and, unless the conduct is deterred, the moving party "would be without adequate remedy at law and ... the proposed construction, once completed and sold ... would materially affect the use and enjoyment by the [moving parties] of their property ...", *see Fairfield v. Stonehenge Ass'n Co.*, 678 S.W.2d 608, 611 (Tex.App.—Houston [14th Dist.] 1984, no writ); or that the injunction preventing the conduct was necessary to protect "goodwill and business" and that the moving party "would be harmed unless the temporary injunction were issued, as the status quo could not be maintained without the injunction", *see Martin v. Linen Systems for Hospitals, Inc.*, 671 S.W.2d 706, 710 (Tex.App.—Houston [1st Dist.] 1984, no writ); or that the moving party "will probably sustain irreparable injury and damage to its business" if the conduct

continues, *see Gillen v. Diadrill, Inc.,* 624 S.W.2d 259, 264 (Tex.App.—Corpus Christi 1981, writ dism'd) (opinion on reh'g).

■ Concerning the portion of the order regarding the voting rights of the shares of Byrd Ranch, Inc. stock, the trial court also failed to state what injury appellee would incur absent an injunction. The trial court merely stated that appellants "will continue to refuse to recognize the right of InterWest Savings Association as pledgee, to place the shares of common stock of Defendant, Byrd Ranch, Inc., in the name of InterWest Savings Association and to vote the shares in accordance with the terms and provisions of the Uniform Commercial Code, unless they are so enjoined." This does not meet the requirements of TEX.R.CIV.P. 683.

There were allegations in appellee's petition for injunction which may have justified the issuance of the writ. These should have been recited by the trial court in the order. For instance, appellee's first amended application for temporary injunction states:

Irreparable injury will result to Plaintiff unless the Temporary Restraining Order and the Temporary Injunction are issued. Specifically, Defendants will utilize their voting rights in the stock to remove assets from Byrd Ranch, Inc., and to utilize their voting rights to either encumber the property or acknowledge a mineral interest which is contrary to the nature and quality and title which Defendants represented they possessed at the time they executed the Deed of Trust....

The petition further stated that "Defendants have been engaging in a systematic depletion of the assets of Byrd Ranch, Inc., by mining the mineral interest present on the property and by utilizing those sums ... to pay obligations for which Byrd Ranch, Inc., is not liable." If the temporary injunction was issued to avoid the injuries alleged, these injuries should have been set out in the order. The order does not meet the standards of TEX.R.CIV.P. 683. Appellants' first point of error is sustained. In light of our holding, we need not reach appellants' other points of error.

The order of the trial court is reversed and the temporary injunction is dissolved.

Motion to Substitute Counsel

In light of our holding above, appellee's motion to substitute counsel is denied.