Edward J. NICHOLS, D.V.M., Individually and d/b/a Crestway Animal Clinic, Appellant,

v.

Julie CATALANO, Appellee.

No. 04–06–00070–CV.

Court of Appeals of Texas, San Antonio.

Sept. 13, 2006.

D. Ann Comerio, Karen R. Vowell, Law Office of Ann Comerio, San Antonio, for appellant.

David S. Denton, Ricardo G. Cedillo, Davis, Cedillo & Mendoza, Inc., Mark R. Stein, Allen, Stein & Durbin, P.C., San Antonio, for appellee.

Sitting: SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice, PHYLIS J. SPEEDLIN, Justice.

**OPINION**

Opinion by SARAH B. DUNCAN, Justice.

Edward J. Nichols, D.V.M., individually and doing business as the Crestway Animal Clinic, appeals the trial court's order denying his application for a temporary injunction to require Julie Catalano to remove from her website all content referring to Nichols or his business. We affirm the trial court's order.

■ 1. In his first issue Nichols contends the "trial court abused its discretion in denying Nichols'[s] application for temporary injunction without providing an adequate opportunity to be heard." Specifically, Nichols contends "the trial court interrupted the presentation of evidence [at the temporary injunction hearing] and asked counsel for both parties to step into chambers"; "verbally ordered the parties to mediate all issues"; and "stopped the hearing ..., preventing Nichols from presenting all of his evidence." This may be true, but it is nowhere reflected in the record. Rather, the record reflects that Nichols obtained a temporary restraining order on July 14, 2005, and a hearing on the application for a temporary injunction was set for and held on July 28, 2005. During the direct examination of Nichols, the trial court sustained an evidentiary objection by Catalano's lawyer and directed Nichols's lawyer to continue the questioning. The reporter's record then notes that "[a] brief recess was had at this point in the proceedings." After the recess, Catalano's attorney submitted two briefs to the court on the issues raised by the application for temporary injunction; Nichols's attorney asked for leave to respond; and there was a brief discussion about an exhibit. The judge then indicated that

there was "a lot" of material for him to go through and that he would read it all. Catalano's attorney reminded the court that the temporary restraining order expired that day and thus "there is nothing against [his] client until we hear from you again." The judge said "Okay" and asked the parties if they had anything else. Neither party expressed a desire to offer further evidence, either at that time or in the future. After going off the record again, Nichols's attorney returned and made the following statement:

This is Ann Comerio on behalf of Doctor Nichols, and Judge Peden stated that we had to agree to a mediator. All parties have agreed to Judge Boone, and he also stated that we had to get this done as quickly as possible, and that would depend on Judge Boone. So, we've all agreed to call him and see what his first available dates would be.

The proceeding then concluded.

In the succeeding months, Catalano filed her answer and a counterclaim; Nichols answered the counterclaim and made a request for disclosure; and some written discovery was provided. On December 6, 2005, the trial court signed an order denying the application for a temporary injunction. On December 7, over four months after the temporary injunction hearing and after the trial court's ruling, Nichols's attorney filed a "post-submission letter brief" in which Nichols complained for the first time that he was "not permitted to complete [his] evidentiary presentation."

The record does not support Nichols's assertion that the trial court "interrupted the presentation of the evidence," "stopped the hearing," or "prevented" Nichols from presenting all his evidence at the temporary injunction hearing. And, if the trial court's off-the-record actions had this effect, Nichols had ample opportunity after the parties were back on the record to offer more evidence, reserve the right to present more evidence in the future, object to any action by the trial court that Nichols perceived prevented him from presenting his evidence, or make a bill of exception if needed. Nichols did none of these. Rather, by his silence, Nichols implied he had no further evidence to present. Accordingly, we hold that Nichols has not shown that the trial court denied him a full and fair opportunity to present his evidence and Nichols did not preserve any right to present further evidence or reopen the hearing at a later date.

■  2.  In his second issue Nichols contends "the trial court abused its discretion by failing to detail the specific reasons it relied upon in denying the application for temporary injunction." We again disagree.

Rule 683 of the Texas Rule of Civil Procedure requires that an "order ***granting*** an injunction ... shall set forth the reasons for its issuance." TEX.R. CIV. P. 683 (emphasis added). The Texas Supreme Court "interpret[s] the Rule to require in this respect ***only*** that the order set forth the reasons why the court deems it proper to issue the writ to prevent injury to the applicant in the interim; that is, the reasons why the court believes the applicant's probable right will be endangered if the writ does not issue." *Transp. Co. of Tex. v. Robertson Transps., Inc.*, 152 Tex. 551, 261 S.W.2d 549, 552–53 (Tex. 1953) (emphasis added); *see also State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex.1971) ("Under Rule 683 ... it is necessary to give the reasons why injury will be suffered if the interlocutory relief is not ordered."). Nothing in the Texas Rules of Civil Procedure or in the Texas Supreme Court interpretative opinions suggests that a trial court must state its reasons for ***denying*** an injunction. Nevertheless, Nichols contends that a trial court is required

to do so. In support of his contention, Nichols relies on six court of appeals opinions, each of which contains a statement similar to the following: "The reasons given by the trial court for granting or denying a temporary injunction must be specific and legally sufficient, and must not be mere conclusory statements." *See Byrd Ranch, Inc. v. Interwest Sav. Ass'n*, 717 S.W.2d 452, 454 (Tex.App.-Fort Worth 1986, no writ) (citing *Univ. Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex.Civ.App.-San Antonio 1981, no writ)); *Arrechea v. Plantowsky*, 705 S.W.2d 186, 189 (Tex.App.-Houston [14th Dist.] 1985, no writ) (citing *UIL*, 616 S.W.2d at 358); *Martin v. Linen Sys. for Hosps., Inc.*, 671 S.W.2d 706, 710 (Tex.App.-Houston [1st Dist.] 1984, no writ) (citing *Smith v. Hamby*, 609 S.W.2d 866 (Tex.Civ.App.-Fort Worth 1980, no writ) and *Charter Med. Corp. v. Miller*, 547 S.W.2d 77 (Tex.Civ. App.-Dallas 1977, no writ)); *UIL*, 616 S.W.2d at 358 (citing *Smith*, 609 S.W.2d 866 and *Charter Med.*, 547 S.W.2d 77); *Seib v. Am. Sav. & Loan Ass'n of Brazoria County*, No. 05–89–01231–CV, 1991 WL 218642, at *4 (Tex.App.-Dallas, Oct.25, 1991, no writ) (not designated for publication) (citing *Charter Med.*, 547 S.W.2d 77); *Peterson v. Emory*, No. C14–88–00633–CV, 1989 WL 37548, at *2 (Tex.App.-Houston [14th Dist.] Apr. 20, 1989, no writ) (not designated for publication) (citing *UIL*, 616 S.W.2d at 358).

Nichols argues "that [b]y holding that a trial court's stated reasons for granting *or*

*denying* a temporary injunction must be specific and legally sufficient and not merely conclusory, these courts ... have implicitly held that a trial court must *STATE* its reasons for denying a temporary injunction." *See* W. Wendell Hall, *Standards of Review in Texas*, 34 St. Mary's L.J. 1, 45 (2002) ("[T]he trial court must detail the specific reasons it relied upon in ruling on whether a temporary injunction should be granted or denied."). We decline to so hold for two reasons.

First, none of the cases Nichols cites "held" anything with respect to an order denying a temporary injunction. Each of the cited cases was an appeal from an order *granting* an injunction. None of the cases involved an order denying injunctive relief; nor did the courts' disposition in those cases necessitate a determination of what is required if an order denies injunctive relief. Accordingly, the language in the opinions that Nichols relies on is obiter dicta and neither binding nor persuasive authority. *See Edwards v. Kaye*, 9 S.W.3d 310, 314 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) ("Dictum is an observation or remark made concerning some rule, principle, or application of law suggested in a particular case, which observation or remark is not necessary to the determination of the case.").[1] Second, neither the cited cases nor the authorities upon which they rely contain any reasoning or authority that would support applying the requirements of Rule 683 to an order that denies injunctive relief.[2] Nichols does not

---

1. Nichols has not cited any cases, nor have we found any, in which the requirement of specific and legally sufficient reasons was applied to an order denying a temporary injunction.

2. The language Nichols relies on appears to have had its genesis in *Univ. Interscholastic League v. Torres*, 616 S.W.2d 355 (Tex.Civ. App.-San Antonio 1981, no writ). The order granting the temporary injunction in *UIL*

merely recited the trial court's finding "that the Plaintiffs have no adequate remedy at law and that the Plaintiff ... would suffer irreparable harm if the Defendants ... are not restrained and enjoined pending the final disposition of the ... cause...." *Id.* at 357. The court of appeals vacated the injunction, holding that the recitals in "the order lack[] the specificity required by Rule 683." *Id.* at 358. The court stated and applied the rule that

provide any such reasoning in his brief; and we know of no reason to impose such a requirement.

The trial court's order denying Nichols's application for a temporary injunction is affirmed.

"[t]he reasons given by the trial court for granting ... a temporary injunction must be specific and legally sufficient, and must not be mere conclusionary [sic] statements." *Id.* Unfortunately, however, the court gratuitously added the words "or denying" to its statement of the rule of law. *Id.* The cases cited by the *UIL* Court support the proposition that an order granting a temporary injunction must contain the trial court's reasons but have no bearing on an order that denies an injunction. *See Smith v. Hamby*, 609 S.W.2d 866 (Tex.Civ.App.1980–Fort Worth, no writ) (relying on Rule 683 and *Cook United* to va-cate temporary injunction because recital in order that plaintiff testified he has no adequate remedy at law is not a legally sufficient reason for granting a temporary injunction); *Charter Med. Corp. v. Miller*, 547 S.W.2d 77 (Tex.Civ.App.-Dallas 1977, no writ) (dissolving temporary injunction because order reciting only that "[p]laintiffs have established ... irreparable damage herein and injury" does not meet the specificity requirements of Rule 683). Unfortunately, subsequent opinions have perpetuated the dicta by simply mimicking it.