*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★         ★ ★ ★

# MEMORANDUM OPINION

No. 04-09-00517-CV

Jay **MARESH**, Beneficiary, and J.R. Schaub, Trustee,
Appellants

v.

Gilbert A. **GAMEZ**, Sr., and Denise L. Gamez,
Appellees

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-00106
Honorable Larry Noll, Judge Presiding

Opinion by:     Phylis J. Speedlin, Justice

Sitting:         Catherine Stone, Chief Justice
               Karen Angelini, Justice
               Phylis J. Speedlin, Justice

Delivered and Filed: December 30, 2009

REVERSED; TEMPORARY INJUNCTION DISSOLVED

Appellants Jay Maresh and J.R. Schaub, Trustee, bring this interlocutory appeal from the trial court's order granting a temporary injunction enjoining them from proceeding with the eviction of appellees, Gilbert A. Gamez, Sr. and Denise L. Gamez, from their homestead real property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008). Without addressing the merits

of the injunctive relief, we hold the order granting the temporary injunction does not meet the specificity requirements of Texas Rule of Civil Procedure 683. TEX. R. CIV. P. 683. Accordingly, we reverse the trial court's order, dissolve the temporary injunction, and remand the case to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 20, 2008, Jay Maresh sold a house and lot located at 3427 Westmark, San Antonio, Texas to Gilbert and Denise Gamez (collectively "Gamez") in exchange for a $25,000 down payment and execution of a real estate lien note in the original principal amount of $180,000 and a deed of trust as security. Gamez made the house payments for July and August, but stopped making the payments in September, claiming multiple defects in the house. On November 4, 2008, Maresh sent Gamez a written notice of default and intent to accelerate the maturity of the note. On December 8, 2008, Schaub as trustee under the deed of trust, sent Gamez written notice of acceleration of the note and of a non-judicial foreclosure sale scheduled for January 6, 2009. The day before the scheduled foreclosure sale, Gamez filed suit in district court and obtained a temporary restraining order enjoining Schaub and Maresh from proceeding with the foreclosure. The temporary restraining order signed by the court on January 5, 2009, states that Maresh and Schaub are restrained from "proceeding with or causing the non-judicial foreclosure of" the real property at issue. A hearing on whether the temporary restraining order should be extended and a temporary injunction should be issued was set for January 16, 2009.

On January 12, 2009, before expiration of the temporary restraining order, Schaub re-posted the real property for a foreclosure sale on February 3, 2009. Schaub sold the property at foreclosure to Maresh on February 3, 2009. The next day, February 4, Maresh delivered a written demand to

vacate and surrender possession of the property. When Gamez failed to vacate the property, Maresh filed a forcible entry and detainer suit in the justice court. On March 26, 2009, the justice court entered judgment awarding possession of the property to Maresh. Gamez appealed to the county court at law, and the appeal remains pending.

On June 11, 2009, Gamez filed a second amended petition in district court seeking a temporary injunction to prohibit eviction and to set aside the foreclosure sale, and alleging claims for wrongful foreclosure, DTPA violations, fraud and unjust enrichment. A hearing on the application for a temporary injunction was held on June 18, 2009, and the court orally granted the injunction enjoining the eviction of Gamez. On August 6, 2009, the court signed a written order granting the temporary injunction and enjoining Maresh and Schaub from proceeding with the eviction of Gamez from the real property.[1] Maresh and Schaub have appealed the issuance of the temporary injunction.

## ANALYSIS

Maresh and Schaub argue that the district court abused its discretion in granting the temporary injunction because: (1) Gamez did not prove all the elements necessary for issuance of the temporary injunction; (2) the written order issuing the injunction does not comply with the mandatory requirements of Texas Rule of Civil Procedure 683; and (3) the court erred in refusing to consider the validity of the January 5, 2009 temporary restraining order during the injunction hearing. Gamez did not file an appellees' brief.

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Walling v. Metcalfe*, 863 S.W.2d 56, 57 (Tex. 1993). An

---

[1] The order granting the temporary injunction set the matter for trial on December 7, 2009.

applicant seeking a temporary injunction must plead and prove three specific elements: "(1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim." *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *City of San Antonio v. Vakey*, 123 S.W.3d 497, 499 (Tex. App.—San Antonio 2003, no pet.). We review an order granting a temporary injunction for an abuse of discretion without addressing the merits of the underlying case. *Butnaru*, 84 S.W.3d at 204; *Walling,* 863 S.W.2d at 58.

Rule 683 of the Texas Rules of Civil Procedure requires that every order granting an injunction "shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained . . . ." TEX. R. CIV. P. 683. The requirements of Rule 683 are mandatory and must be strictly followed. *Qwest Communications Corp. v. AT&T Corp.*, 24 S.W.3d 334, 337 (Tex. 2000) (per curiam); *InterFirst Bank San Felipe, N.A. v. Paz Const. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam) (when injunction order does not adhere to Rule 683 requirements, it is subject to being declared void and dissolved). To comply with Rule 683, an order granting a temporary injunction must specify the reasons why the injunction is warranted, including "the reasons why injury will be suffered" if the injunction is not granted. *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971); *Indep. Capital Mgmt., L.L.C. v. Collins*, 261 S.W.3d 792, 795 (Tex. App.—Dallas 2008, no pet.); *AutoNation, Inc. v . Hatfield*, 186 S.W.3d 576, 581 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The reasons stated in the order for granting the injunction must be specific and legally sufficient, and must not be mere conclusory statements. *Collins*, 261 S.W.3d at 795 (citing *Charter Med. Corp. v. Miller*, 547 S.W.2d 77, 78 (Tex. Civ. App.—Dallas 1977, no writ)); *Univ.*

*Interscholastic League v. Torres*, 616 S.W.2d 355, 358 (Tex. Civ. App.—San Antonio 1981, no writ). If the court's order granting a temporary injunction does not comply on its face with the specificity requirements of Rule 683, it constitutes an abuse of discretion and is void. *Qwest*, 24 S.W.3d at 337; *Collins,* 261 S.W.3d at 795; *Torres*, 616 S.W.2d at 358.

Here, the injunction order fails to specify the probable injury that would be suffered if injunctive relief was not granted. The order merely recites the conclusory statement that if the injunction is not granted "Plaintiffs will suffer immediate and irreparable injury, loss or damage will result to Plaintiff before notice can be served and hearing had thereon." The order does not specify the facts the trial court relied on, and fails to identify the specific injury that will occur if the injunction is not granted. *See Collins*, 261 S.W.3d at 795. Merely stating that "irreparable injury will result" if injunctive relief is not granted does not comply with the specificity requirements of Rule 683. *See id.* at 795-796 (injunction order simply setting out elements necessary for relief, and failing to identify the injury from denial of the injunction, was conclusory and void); *Hatfield*, 186 S.W.3d at 581 (mere recital of "irreparable harm" does not meet Rule 683's specificity requirements); *Torres*, 616 S.W.2d at 358 (same). The temporary injunction order does not conform to the requirements of Rule 683, and therefore the trial court abused its discretion in entering the order and the order is void. *Qwest*, 24 S.W.3d at 337; *Torres*, 616 S.W.2d at 358; *see Rio Grand Exploration, L.L.C. v. Anju Production, L.L.C.*, No. 04-08-00495-CV, 2009 WL 618616, at *2 (Tex. App.—San Antonio Mar. 11, 2009, no pet.) (mem. op.).

Because we conclude the order granting the temporary injunction fails to meet the specificity requirements of Rule 683, and is thus void , we need not address the other appellate issues raised by Maresh and Schaub. Accordingly, the trial court's order granting the temporary injunction is

reversed, the injunction is dissolved, and the cause is remanded to the trial court for further proceedings.

Phylis J. Speedlin, Justice