**SURKO ENTERPRISES, INC., et al., Appellants,**

v.

**BORG–WARNER ACCEPTANCE CORPORATION, Appellee.**

No. 01–88–0343–CV.

Court of Appeals of Texas, Houston (1st Dist.).

April 20, 1989.

Sylvester Turner, Houston, for appellants.

J. Patrick Coulson, Jeffrey A. Lehmann, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

## OPINION

O'CONNOR, Justice.

This is an appeal from the granting of a temporary injunction. Surko Enterprises, Inc. [Surko] sold appliances and furniture to the public on a rent-to-own basis. Borg–Warner Acceptance Corporation [Borg–Warner] financed Surko's inventory and had a security interest in Surko's inventory, accounts receivable, contract rights, and proceeds.

Surko defaulted in payment to Borg–Warner. On October 21, 1987, Borg–Warner filed suit against Surko and applied for ancillary relief. Borg–Warner passed a show cause hearing for a temporary injunction, set on November 2, 1987, to allow Surko to find a buyer.

On November 9, 1987, Gregory Lucia, Surko's attorney, incorporated Judnell Enterprises, Inc. [Judnell]. On the same day, Judnell bought Surko's stock. George Nelson, Jr., formerly vice-president of Surko, became president, chief executive officer, and director of Judnell.

From November 1987 until January 1988, Borg–Warner met several times with Nelson, whom it believed was a potential buyer of Surko. On January 28, 1988, Borg–Warner discovered Judnell had bought Surko's stock in November 1987, more than two months earlier. It also learned Judnell had transferred some of Surko's cash receivables into Judnell's bank account.

On February 5, 1988, Borg–Warner filed its amended petition adding Nelson, Judnell, and Surjit Mann, the former president of Surko, as parties, and asked for a temporary restraining order [TRO]. The court granted the TRO the same day. After a hearing on February 19, 1988, the court continued the TRO. On March 10 and 14, 1988, after a hearing, the trial court entered a temporary injunction. The injunction restrained defendants from, among other things, interfering with Borg–Warner's rights to take immediate possession of the collateral and to take over and manage Surko.

▇ In four points of error, defendants complain the trial court erred in granting the temporary injunction. In points of error one and three, defendants argue the divesting of possession and title of Surko to Borg–Warner upset the status quo.

The trial court can only grant a temporary injunction to preserve the status quo of the subject matter of the pending law suit. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex.1978). Status quo is the "last, actual, peaceable, non-contested status that preceded the pending controversy." *State v. Southwestern Bell Tel. Co.*, 526 S.W.2d 526, 528 (Tex.1975). At a hearing for a temporary injunction, the applicant does not need to show he will win at trial. *Id.* Rather, he need only demonstrate a probable right to recovery and probable injury while awaiting trial. *Id.*

The only question for this Court is whether the trial court abused its discretion. *Davis v. Huey*, 571 S.W.2d at 862. We may not substitute our judgment for that of the trial court. *Id.* Where there are no findings of fact or conclusions of law, as here, we must uphold the judgment if it is supported on any legal theory. *Id.*

Borg–Warner had a security interest in Surko's inventory, accounts receivable, contract rights, and proceeds. Upon default, Borg–Warner had a right to take possession of the collateral wherever it was located. Borg–Warner also had a right to enter Surko's premises, take possession of the collateral, and collect Surko's accounts receivable for Surko's benefit.

Surko made its last payment to Borg–Warner on August 31, 1987. From November 1, 1987, to December 31, 1987, Surko had a profit of $26,769.72. Defendants hid

Judnell's purchase of Surko's stock from Borg–Warner. Defendants also transferred about $200,000 of Surko's fund to Judnell, who had no contractual relationship with Borg–Warner.

From the evidence, the court could conclude the temporary injunction was necessary to preserve the collateral. Allowing Borg–Warner to take possession of the collateral and to operate Surko removed the threat of further loss of collateral through transfers to Judnell. We find the court did not abuse its discretion, and we overrule points of error one and three.

 In their argument under point of error two, defendants contend Borg–Warner did not show a probable right and probable injury. Probable injury includes elements of imminent harm, irreparable injury, and no adequate remedy at law for damages; probable right includes the element of wrongful conduct. *Inex Indus., Inc. v. Alpar Resources, Inc.,* 717 S.W.2d 685, 687–88 (Tex.App.—Amarillo 1986, no writ). An existing remedy is adequate if it "is as complete and as practical and efficient to the ends of justice and its prompt administration as is equitable relief." *Ballenger v. Ballenger,* 694 S.W.2d 72, 76 (Tex.App.—Corpus Christi 1985, no writ). A plaintiff does not have an adequate remedy at law if the defendant is insolvent. *See id.*

Defendants contend there is no evidence they were insolvent and could not pay the outstanding balance of $594,003.07 in principal and interest owed as of January 31, 1988. They argue a January 1988 audit of Surko showed no major problems. However, Lee Graves, branch manager of Borg–Warner, testified the audit was a check on Surko's record-keeping procedures; it did not determine Surko's financial worth.

Borg–Warner financed Surko's inventory for the last time in November 1986; thus, Surko's clients had paid many of the rent-to-own contracts.[1] Surko made its last payment to Borg–Warner in August 1987. At the time of the injunction, Surko was not paying its other creditors and was transferring cash collateral to Judnell. Nelson admitted, when he took over Surko, "the company was in a great deal of financial distress." The trial court could conclude from this evidence that a monetary judgment would not be an adequate remedy at law.

Defendants also argue Borg–Warner should have sought a writ of sequestration. The evidence showed, however, if the court had shut down Surko's business operations, Surko's account debtors would not have been able or willing to pay on their rent-to-own contracts. Under this evidence, we find the trial court did not abuse its discretion. The trial court could conclude Borg–Warner showed imminent harm, irreparable injury, and an inadequate remedy at law. We overrule point of error two.

In their fourth point of error, defendants contend the trial court made a final determination on the merits. They argue the court's action destroyed their business and reputation and prevented them from paying their creditors.

In determining whether to order a temporary injunction, the trial court balances the equities of the parties and the resulting conveniences and hardships. *See Lower Nueces River Water Supply Dist. v. Live Oak County,* 312 S.W.2d 696, 701 (Tex.Civ. App.—San Antonio 1958, writ ref'd n.r.e.). The trial court determined the equities were in Borg–Warner's favor. It ordered Borg–Warner to furnish Surko a monthly report of the monies it collected to retire Surko's debt. In granting the temporary injunction, the trial court remarked:

> It's obvious that this man [Nelson] has actually been put out of his business. Obviously, as the other side has said, there's equities on both sides. But the damage has probably been done, as far as, the destruction of the business is concerned. Not anything can be done now except to collect and satisfy the debt that is owed....

1. Appliances and televisions were paid out in 18 months; furniture in 12 months.

On this evidence, we find the trial court did not abuse its discretion, and we overrule point of error four.

We affirm the judgment.