THE CITY OF SAN ANTONIO,
Appellant,

v.

David VAKEY, Appellee.

No. 04–03–00558–CV.

Court of Appeals of Texas,
San Antonio.

Oct. 8, 2003.

Charles E. Morse, Jr., Austin, for Appellant.

David Van Os, Allen T. Craddock, and Lisa Smith, San Antonio, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by CATHERINE STONE, Justice.

The City of San Antonio appeals the trial court's temporary injunction order that enjoins the City from deducting any amount of money from David Vakey's paychecks for the purpose of recouping or reimbursing the City for workers' compensation benefit payments made to Vakey. In three issues, the City contends the trial

court abused its discretion in granting the temporary injunction because: (1) Vakey did not prove a probable right of recovery; (2) Vakey did not prove a probable, imminent, irreparable injury; and (3) the injunction changed the status quo. We affirm the trial court's order.

### BACKGROUND

Vakey has worked as a paramedic for fifteen years and has sustained several back injuries while on the job. Pursuant to section 143.073 of the Local Government Code, the City is required to pay Vakey line of duty pay equal to Vakey's regular pay for one year. In addition to the line of duty pay, the City, which is self-insured for workers' compensation purposes, paid Vakey temporary income benefits in accordance with the workers' compensation statutes.

Beginning in 1999, the City began deducting from Vakey's paycheck an amount to reimburse itself for the temporary income benefits it paid to Vakey. In June of 2003, Vakey obtained a temporary restraining order preventing the City from making any deductions from Vakey's paycheck to reimburse the City for the workers compensation benefits. After a hearing, the trial court granted a temporary injunction further enjoining the City from making any such deductions. The City timely filed this accelerated appeal challenging the trial court's order.

### STANDARD OF REVIEW

 Whether to grant or deny a temporary injunction is within the trial court's sound discretion. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002). A reviewing court may not substitute its judgment for the trial court's judgment and should reverse an order granting injunctive relief only if the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id.*

 To obtain a temporary injunction, the applicant must plead and prove three specific elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.* An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Id.*

### PROBABLE RIGHT OF RECOVERY

 An applicant requesting a temporary injunction is not required to establish that he or she will prevail at trial. *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex.App.-Austin 2000, no pet.). Instead, the applicant's burden is to establish a probable right of recovery following a trial on the merits. *Id.*

The City contends that Vakey erroneously relies on section 408.003 of the Texas Labor Code and the regulations thereunder because section 408.003 only governs reimbursement if an employee is paid salary pursuant to a salary continuation plan.[1] The City asserts that the line of duty pay the City is required to pay pursuant to section 143.073 of the Local Government Code is not considered "salary continuation," and section 504.051 permits the City to offset workers' compensation benefits by the amount it pays pursuant to section 143.073. *See* TEX. LABOR CODE ANN.

---

1. Vakey counters that his argument is based on section 61.018 of the Texas Labor Code; however, section 61.018 is not applicable to the City. *See* TEX. LABOR CODE ANN. § 61.003 (Vernon 1996). The trial court's order, however, does not reference section 61.018 but simply notes that the City had failed to obtain an order from the Texas Workers' Compensation Commission regarding issues of overpayment and/or recoupment of overpayment.

§ 504.051 (Vernon 1996); TEX. LOCAL GOV'T CODE ANN. § 143.073 (Vernon 1999).

■■ The payments made pursuant to section 143.073 are not considered salary supplements or salary continuation; therefore, section 408.003 and the regulations promulgated thereunder do not apply to the facts of this case. Op. Tex. Att'y Gen. No. JC–0040 (statutes applicable in deciding reimbursement issue when City provides line of duty pay pursuant to section 143.073 are sections 143.703 and 504.051 not 408.003); Texas Worker' Compensation Commission, Appeal No. 931084, 1994 WL 20165 (Jan. 12, 1994) (rejecting application of section 408.003 to issue of recoupment where payments were made under section 143.703). Section 504.051 permits the City to offset the amounts paid for temporary income benefits under the workers' compensation statutes by the amounts paid for line of duty pay under section 143.073. *See* TEX. LABOR CODE ANN. § 504.051 (Vernon 1996). In applying the offset, the amount paid under section 143.073 is reduced, not the workers' compensation benefits. Texas Worker' Compensation Commission, Appeal No. 931084, 1994 WL 20165 (Jan. 12, 1994). If the City fails to make this offset by reducing the amount paid under section 143.073, the question becomes whether the City can later reduce an employee's wages to recoup the overpayment.

Section 504.051(b) states, "If benefits are offset, the employer may not withhold the offset portion of the employee's wages until the time that benefits under this chapter are received." *See* TEX. LABOR CODE ANN. § 504.051(b) (Vernon 1996). This appears to permit an employer to withhold wages on a later date after benefits are received, "if benefits are offset." However, unless there is evidence that the City intended to offset the benefits, this provision would not appear to apply, and the general rule that "when an overpayment does not occur because of a claimant's fraud, but through the mistake of the carrier, recoupment from the claimant is not authorized by the statute or rules of the Commission." Texas Worker' Compensation Commission, Appeal No. 93024, 1993 WL 64716 (Feb. 25, 1993). During the hearing, the City's attorney argued that it had paid both line of duty pay and workers' compensation benefits in the past because whether the City was required to pay both was unclear until recently.[2] Al-

---

2. The Court: ... Why was it paying out these double payments if it's saying we get to recoup it because we shouldn't have done it?
 Mr. Morse: Well, we are saying—we are saying that we—And it is convoluted. We are saying—the City is saying that we get to recoup it because it's payments that should not have been made. At that time and even until recently, it is not being clarified to the extent that the City was satisfied that they could stop paying workers' compensation benefits.
 The Court: But you recouped it anyway even though you didn't realize whether you could do it or not? I mean, that's why I'm just concerned.
 Mr. Morse: Well, no. We recouped it because we knew it was money that was paid in addition to salary. We just didn't—The question to be answered was whether we have to pay it at all.

The Court: To start with. In your mind, there was no question that you were entitled to recoupment once it was paid.
 Mr. Morse: Exactly. The question now is whether we have to even pay it at all.
 The Court: All right. And so my understanding, then, of what's before me now is an application for temporary injunction where they want to preclude this recoupment process?
 Mr. Morse: They want to stop the recoupment process that's been going on since 1999. And just to add, Your Honor, to clarify, I think the City has kind of been paying workers' comp benefits—temporary income benefits for lost time and line-of-duty leave because it has not been clarified. At least under the workers' comp arena, there can be very severe penalties if the City doesn't pay workers' comp benefits.

though the City may be able to establish at trial that its payment of the temporary income benefits was not the result of a mistake and that it intended to offset the payments, we cannot conclude from the record before us that the trial court abused its discretion in deciding that Vakey had a probable right of recovery.

## PROBABLE, IMMINENT, AND IRREPARABLE INJURY

■■■■ To establish an irreparable injury, Vakey must show that he cannot be adequately compensated in damages or the damages cannot be measured by any certain pecuniary standard. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex.2002). That is, Vakey has to establish that there is no adequate remedy at law for damages. *See Surko Enterprises, Inc. v. Borg–Warner Acceptance Corp.*, 782 S.W.2d 223, 225 (Tex.App.-Houston [1st Dist.] 1989, no writ). An adequate remedy at law is one that is as complete, practical, and efficient to the prompt administration of justice as is equitable relief. *Id.* In determining whether to order a temporary injunction, the trial court balances the equities of the parties and the resulting conveniences and hardships. *Id.*

The City intends to continue its recoupment deduction, so Vakey's injury is imminent. Vakey testified that the City's recoupment from his paycheck forced him and his son to move out of his apartment and into his parent's home. Vakey's paycheck dated December 6, 2002, was for $72.27, and his paycheck dated January 3, 2003, was for $72.85. Although Vakey

knew that the City began taking recoupment payments in 1999, he was able to "make ends meet" by obtaining a personal loan, and he was receiving temporary income benefits and was making overtime pay at the time, so his total pay was not as low. At the time of the hearing, Vakey had been assigned an impairment rating, and his impairment income was lower than the temporary income benefits.

■■■■ Under an abuse of discretion standard, we cannot overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules or principles. *Butnaru*, 84 S.W.3d at 211. We also cannot substitute our judgment for the trial court's reasonable judgment even if we would have reached a contrary conclusion. *Id.* The trial court does not abuse its discretion if some evidence reasonably supports the trial court's decision. *Id.*

The trial court could have concluded that damages awarded at trial would not completely compensate Vakey for the hardships he is enduring based on his reduced pay. The trial court could have concluded that the hardship Vakey is facing cannot be measured by a certain pecuniary standard. The trial court did not abuse its discretion in balancing the equities of the parties and the resulting conveniences and hardships and concluding that the lifestyle hardship Vakey was experiencing could not be measured by a certain pecuniary standard such that damages would completely compensate him.

The Court: Right.
Mr. Morse: And I guess to err on the side of not wanting a violation, they continued to pay but still had the position that they could recoup.
The Court: All right. And the same severe penalties don't apply as long as you pay out to begin with if you are recouping on the side?

Mr. Morse: Well, I think with the recent clarification at least in the Attorney General opinion and the Appeals Panel cases, it's become clear that the City probably doesn't have to pay both at all.

### STATUS QUO

The status quo to be preserved by the issuance of a temporary injunction is the last actual, peaceable, noncontested status which preceded the pending controversy. *San Miguel v. City of Windcrest,* 40 S.W.3d 104, 109 (Tex.App.-San Antonio 2000, no pet.). Where the acts sought to be enjoined violate an expressed law, the status quo to be preserved could never be a condition of affairs where the respondent would be permitted to continue the acts constituting that violation. *Id.*

If the overpayment of the temporary income benefits was due to the City's mistake, recoupment from Vakey is not authorized by the statute or rules of the commission. Texas Worker' Compensation Commission, Appeal No. 93024, 1993 WL 64716 (Feb. 25, 1993). Accordingly, the trial court did not abuse its discretion in concluding that the status quo to be preserved should not permit the recoupment to continue.

### CONCLUSION

The trial court's order is affirmed.