*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



★ ★ ★  ★ ★ ★

## MEMORANDUM OPINION

No. 04-11-00772-CV

**K.B.M.**, Individually and as Next Friend of J.M., A Minor Child,[1]
Appellant

v.

Victor **ALESSANDRO**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-15590
Honorable Dick Alcala, Judge Presiding[2]

Opinion by:   Marialyn Barnard, Justice

Sitting:      Catherine Stone, Chief Justice
              Karen Angelini, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  July 5, 2012

AFFIRMED

Appellant K.B.M., individually and as next friend of J.M., a minor child, alleges the trial

court abused its discretion in denying his request for a temporary injunction. Specifically,

K.B.M. contends the trial court erred in: (1) denying him the opportunity to present evidence,

---

[1] We have identified appellant and the minor child by their initials to protect the identity of the minor child. *Cf.* TEX. R. APP. P. 9.8. We have taken the same precaution in the body of the opinion with regard to the child's mother. *Id.*

[2] On September 23, 2011, the Honorable Martha Tanner signed an ex parte temporary restraining order that was later dissolved. The Honorable Richard Price is the presiding judge of the 285th Judicial District Court of Bexar County. The order denying K.B.M.'s request for injunctive relief was signed by the Honorable Dick Alcala, a senior district judge sitting by assignment in the 285th Judicial District Court.

and (2) determining the court lacked jurisdiction over his claims for injunctive relief. We affirm the trial court's denial of injunctive relief.

## BACKGROUND

K.B.M. and L.M. were divorced in 2004 and appointed joint managing conservators of their child, J.M. There is currently a suit pending in another Bexar County District Court to modify terms of the conservatorship.

In September of 2011, K.B.M. filed the current action, seeking damages and injunctive relief. In his petition, K.B.M. claimed Victor Alessandro, L.M.'s live-in boyfriend, was making defamatory statements about K.B.M. and providing information to the minor child in an effort to "poison the relationship between [J.M.] and her father, [K.B.M.]." With regard to injunctive relief, K.B.M. sought an order enjoining Alessandro from contact with J.M., which included a request that Alessandro be excluded from L.M.'s home.

The day K.B.M. filed suit, the trial court signed an ex parte temporary restraining order enjoining Alessandro from any communication with J.M., and excluding Alessandro from L.M.'s residence during her periods of possession. In that order, the trial court set a date for a temporary injunction hearing.

Alessandro filed an answer, counterclaim, and a motion to dissolve the temporary restraining order. At the hearing, Alessandro argued the trial court's injunction was unconstitutional and an illegal prior restraint on his free speech rights. Without K.B.M. presenting evidence, the trial court dissolved the temporary restraining order, denied the temporary injunction, and ordered that any injunction on this issue should be heard in the pending modification action. This appeal ensued.

## ANALYSIS

As noted above, K.B.M. raises two issues challenging the trial court's denial of his request for a temporary injunction. We shall review each issue separately.

### *Standard of Review*

A trial court has broad discretion in deciding whether to grant or deny a temporary injunction. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). An appellate court views the evidence in the light most favorable to the trial court's order and will uphold the order unless the trial court's action was so arbitrary that it exceeded the bounds of reasonable discretion. *Id*; *Universal Health Servs., Inc. v. Thompson*, 24 S.W.3d 570, 576 (Tex. App.—Austin 2000, no pet.). We may not substitute our judgment for that of the trial court, even if we would have reached a contrary conclusion. *Butnaru*, 84 S.W.3d at 211.

### *Applicable Law*

The purpose of a temporary injunction is to preserve the status quo of the litigation's subject matter pending trial on the merits. *Id*. A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.* at 204. To obtain a temporary injunction, K.B.M. had to plead and prove: (1) a cause of action against Alessandro; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *See id.*; *City of San Antonio v. Vakey*, 123 S.W.3d 497, 499 (Tex. App.—San Antonio 2003, no pet.). An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204.

"[R]emarks of counsel during the course of a hearing are not competent evidence unless the attorney is actually testifying." *Bay Fin. Sav. Bank, FSB v. Brown*, 142 S.W.3d 586, 590 (Tex. App.—Texarkana 2004, no pet.).

*Denied Right to Present Evidence*

In his first issue, K.B.M. contends the trial court abused its discretion in denying his application for temporary injunction without providing him an adequate opportunity to present evidence in support of his request for a temporary injunction. We recognize that a party must be permitted to develop his evidence at a temporary injunction hearing. *See Great Lakes Eng'g, Inc. v. Andersen*, 627 S.W.2d 436, 436 (Tex. App.—Houston [14th Dist.] 1981, no writ) (holding that order denying temporary injunction would be reversed because "trial court abused its discretion in not allowing the appellant to fully develop its evidence"); *see also Amalgamated Acme Affiliates, Inc. v. Minton*, 33 S.W.3d 387, 396 (Tex. App.—Austin 2000, no pet.) (holding party must be given opportunity to fully litigate the issue before court rules on request for injunctive relief). In the present case however, K.B.M. failed to request the trial court allow him to present evidence or to object to the trial court's failure to do so. By his silence, K.B.M. implied he had no evidence to present. *See Nichols v. Catalano*, 216 S.W.3d 413, 415 (Tex. App.—San Antonio 2006, no pet.). During argument before the trial court, K.B.M.'s counsel referred to evidence he intended to present, but never identified the witnesses or specific evidence he wanted to present to the trial court. *See C.S.C.S., Inc. v. Carter*, 129 S.W.3d 584, 594 (Tex. App.—Dallas 2003, no pet.) (holding appellant failed to preserve error related to argument that trial court refused to allow it to present evidence at injunction hearing when it never identified witnesses or evidence it wanted to present to court).

In order to preserve a complaint for appellate review, a complaining party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion. TEX. R. APP. P. 33.1(a)(1). To the extent that K.B.M.'s complaint relates to the trial

court's decision to deny the temporary injunction without hearing testimony, K.B.M. failed to object, thereby waiving any complaint on appeal. *See id.* Moreover, he failed to make an offer of proof or even identify what evidence he would have offered, and therefore, failed to preserve this complaint for our review. *See C.S.C.S., Inc.*, 129 S.W.3d at 594; *see also* TEX. R. EVID. 103(a)(2) (requiring substance of evidence be made known to court by offer of proof to preserve error when ruling excludes evidence).

Accordingly, we hold that K.B.M. has failed to preserve for our review his complaint that the trial court denied him a full and fair opportunity to present his evidence. *See Nichols*, 216 S.W.2d at 415; *C.S.C.S., Inc.*, 129 S.W.3d at 594. And, without evidence to support his request for injunctive relief, we cannot conclude the trial court abused its discretion in denying the temporary injunction. *See Butnaru*, 84 S.W.3d at 204.

## *Jurisdiction*

In his second issue, K.B.M. seems to contend the trial court erroneously determined it lacked jurisdiction over his request for injunctive relief. K.B.M.'s assertion is apparently based on the trial court's order, which states, in pertinent part:

> IT IS FURTHER ORDERED ADJUDGED AND DECREED that the Court is being asked to enter an order which is an unconstitutional and illegal prior restraint on speech and that ***any injunction should be heard on this issue in the pending SAPCR case regarding [J.M.]*** and DENIES the application for Temporary Injunction.

(emphasis added). K.B.M. seems to believe that because the trial court determined that any subsequent injunctive action relating to issues of interference of the relationship between K.B.M. and J.M. should be filed in the modification suit, the trial court was "dismissing" K.B.M.'s suit for want of jurisdiction. This is inaccurate.

The trial court did not "dismiss" K.B.M.'s suit for want of jurisdiction. Rather, the court ruled that K.B.M. was not entitled to the injunctive relief sought because the relief sought is "an unconstitutional and illegal prior restraint on speech," a finding not challenged by K.B.M. in this appeal. If the trial court believed it lacked jurisdiction, it would have been without authority to make any ruling, including denying the request for injunctive relief on constitutional grounds. *See State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994) ("When a court lacks jurisdiction, its only legitimate choice is to dismiss."). Without jurisdiction, the trial court's only recourse would have been to dismiss, which it did not do. *See id.* Accordingly, we overrule K.B.M.'s second issue.

## CONCLUSION

Based on our analysis, we hold the trial court did not abuse its discretion in denying K.B.M.'s request for injunctive relief. Accordingly, we affirm the trial court's judgment.

Marialyn Barnard, Justice